BULL INSULAR LINE, INC., Plaintiff and Appellee, *v.* RAFAEL SANCHO BONET, TREASURER OF PUERTO RICO, Defendant and Appellant.

No. 7505. Argued March 8, 1938.—Decided November 16, 1938.

B. *Fernández García, Attorney General,* and *Emilio de Aldrey, Deputy Attorney General,* for appellant. *Hartzell, Kelley & Hartzell,* and *Rafael O. Fernández* for appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

The complainant appellee, Bull Insular Line, Inc., constructed here in Puerto Rico for use in its business of naval transportation a craft (*embarcación*) which it used as a tug. On this craft the Treasurer of Puerto Rico proceeded to impose a tax under subdivision 8 of section 16 of the Internal Revenue Law, No. 83, approved on May 7, 1931 (Session Laws, p. 504). The Treasurer assessed the amount of $1,050, of which amount the plaintiff paid under protest the sum of $1,033.56. The District Court of San Juan, after demurrer overruled, rendered judgment for the plaintiff. The court agreed with the plaintiff that a tug was not a motor vehicle nor yet any one of the crafts described in the body of subdivision 8 and especially could not be considered to be a launch. The court was clear that a tug could not be considered as a launch or boat. Likewise, the court held that a tug was not a motor vehicle, as that term had been defined by the act itself.

■ We have no question at all that a vehicle is a term generally applied to objects that move on land and not to anything that moves on water, and that it was used with that meaning in the act.

■ The greater difficulty arises over the use of the word "boat". A tug is clearly not a launch but in its broader sense one could not say that a tug is not a boat. The very fact that a tugboat (like canalboat) is used synonymously with the word "tug" shows the doubt that might arise. The particular section we are considering reads as follows:

"Section 16. There shall be collected and paid, once only, as an internal-revenue tax on the following articles sold, transferred, used or consumed in, or introduced into Porto Rico, and on the articles comprised in this section of the law:

"＊　　　＊　　　＊　　　＊　　　＊　　　＊　　　＊

"8. Motor vehicles, launches and boats.—On every motor vehicle, including automobiles, autocars, trucks, tractors, trailers, motorcycles

(by whatever name known), chassis, motors, bodies, batteries, inner tubes, or pneumatic tires for such motor vehicles, launches with or without mounted motors, motors for such launches including motors for exterior mountings, sold, transferred, manufactured or used in, or introduced into Porto Rico, a tax of ten (10) per cent on the selling price in Porto Rico; *Provided,* That on the sale, transfer, manufacture, or use in or introduction into Porto Rico, of motor vehicles or motor launches or boats as described in this section, the selling price of which in Porto Rico exceeds $1,500 and does not exceed $2,000, the tax shall be 12½ per cent on the selling price, and on the sale, transfer, manufacture or use in or introduction into Porto Rico, of motor vehicles, automobiles and trucks, as described in this section, the selling price of which in Porto Rico exceeds $2,000, and on solid tires for trucks and other motor vehicles sold, used, transferred or manufactured in, or introduced into Porto Rico, the tax shall be fifteen (15) per cent on the selling price; *Provided, further,* That persons not residents of Porto Rico, using their own automobiles for personal use only, shall be exempt from payment of the tax prescribed by this Act, for such period as they shall use the special license of the Commissioner of the Interior. On the expiration of that period or upon acquiring the regular license of the said Commissioner or before if the automobile is devoted to purposes other than the above-mentioned, the internal revenue tax shall be paid.''

The title in English says ''launches and boats'' and in Spanish it says *''lanchas y botes de motor,''* but in the body of the section which described the things to be taxed there is no mention of ''boats''. In one of the provisos a reference is made to ''boats'' but it refers to the boats described in said section that were mentioned before.

The principal holding is, however, that the Legislature in using the word ''boat'' in the title did not have in mind any and all objects that float on water because it showed the contrary by a specific enumeration. Very frequently it happens that a word of a very general specification is used in a specialized form, but the Legislature was only covering a limited part of a possible field of operation. Then too, while ''boat'' may be used to describe a vessel, ordinarily and currently, a ''boat'' means a small-sized craft and does

not mean a steamboat, or a tugboat, or a canalboat, or even a ship or a yacht. If the Legislature had intended to include a tug it would have been easy to do so in express terms. Both parties have cited authorities which tend to support their respective views, but we think the conclusion follows from the reading of subdivision 8 itself.

The judgment appealed from should be affirmed.

Mr. Chief Justice Del Toro and Mr. Justice De Jesús took no part in the decision of this case.